

FILED
2016 Mar-28 AM 11:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

MAR 26 2016

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROGER SHULER, CAROL SHULER ) <br>     Plaintiffs ) <br>     Pro Se ) <br> v. ) <br> ) <br> LIBERTY DUKE; CHRISTINA CROW; JINKS ) <br> CROW & DICKSON law firm; ROB RILEY; JAY ) <br> MURRILL; KEITH JACKSON; JEREMIAH ) <br> MOSLEY; FRANCOIS BLAUDEAU; RILEY ) <br> JACKSON law firm; CHRIS CURRY, ) <br> individually and in his official capacity as Shelby Co. ) <br> sheriff; CHRIS BLEVINS, individually and in his ) <br> official capacity as a Shelby Co. deputy; MIKE ) <br> DEHART, individually and in his official capacity ) <br> as a Shelby Co. deputy; JASON VALENTI, ) <br> individually and in his official capacity as a Shelby Co. ) <br> deputy; WILLIAM H. PRYOR; TED ROLLINS; ) <br> CAMPUS CREST COMMUNITIES; TXG CAPITAL; ) <br> MICHELLE ROLLINS; ROLLINS JAMAICA LTD; ) <br> ZAC PARRISH; MCMICHAEL & PARRISH ) <br> HOMES; GOOGLE ) <br>     Defendants | CIVIL ACTION NO. <br><br> CV-16-P-0501-S <br><br> JURY DEMAND <br><br> VERIFIED COMPLAINT |

## INTRODUCTION

1. Plaintiffs Roger Shuler and Carol Shuler ("Shulers") bring this action for declaratory

   judgment, equitable relief, and money damages, instituted to secure the protection of and

   to redress unlawful actions against the plaintiffs. The suit is brought to secure the

   protection of and to redress the deprivation of rights secured by Title VII of the Civil

   Rights Act of 1964, as amended, the First Amendment through 42 U.S. Code 1983; the

   Fourth Amendment through 42 U.S. Code 1983, the Fourteenth Amendment through 42

U.S. Code 1983, and the laws of the State of Alabama. The plaintiffs seek compensatory and punitive damages and request a jury trial.

## JURISDICTION AND VENUE

2. The unlawful actions alleged herein below were committed by the defendants within Shelby County, Alabama. Plaintiffs were residents of Shelby County, Alabama, at the time of these unlawful actions. Jurisdiction in this Court is conferred by 28 USC 1331, 1343.

## PARTIES

3. Roger Shuler and Carol Shuler ("Shulers") currently reside in Springfield, Missouri, but resided in Shelby County, Alabama, and were owners of property at 5204 Logan Drive, their primary residence, at the time of events described in this complaint.

4. Defendant Liberty Duke is a registered lobbyist in Alabama, and based on information and belief, resides in Union Springs, Alabama.

5. Defendant Christina Crow is an attorney licensed to practice law in Alabama, with the Jinks Crow & Dickson law firm in Union Springs, Alabama.

6. Defendant Jinks Crow & Dickson is a law firm in Union Springs, Alabama.

7. Defendant Rob Riley is an attorney licensed to practice law in Alabama, with the Riley Jackson law firm in Homewood, Alabama.

8. Defendant Jay Murrill is an attorney licensed to practice law in Alabama, with the Riley Jackson law firm in Homewood, Alabama.

9. Defendant Keith Jackson is an attorney licensed to practice law in Alabama, with the Riley Jackson law firm in Homewood, Alabama.

10. Defendant Jeremiah Mosley is an attorney licensed to practice law in Alabama, with the Riley Jackson law firm in Homewood, Alabama.

11. Defendant Francois Blaudeau is an attorney licensed to practice law in Alabama, with the Riley Jackson law firm in Homewood, Alabama.

12. Defendant Riley Jackson is a law firm in Homewood, Alabama.

13. Defendant Chris Curry was the sheriff of Shelby County, Alabama, and served in that position at all times material to this action. Defendant Curry is a state actor for purposes of 42 U.S. Code 1983. Defendant Curry is sued individually pursuant to 1983 for violations of the First, Fourth, and Fourteenth Amendments as further set out herein.

14. Defendant Chris Blevins is a deputy with the Shelby County Sheriff's Department and has served in that position at all times material to this action. Defendant Blevins is a state actor for purposes of 42 U.S. Code 1983. Defendant Blevins is sued individually pursuant to 1983 for violations of the First, Fourth, and Fourteenth Amendments as further set out herein.

15. Defendant Mike DeHart is a deputy with the Shelby County Sheriff's Department and has served in that position at all times material to this action. Defendant DeHart is a state actor for purposes of 42 U.S. Code 1983. Defendant DeHart is sued individually pursuant to 1983 for violations of the First, Fourth, and Fourteenth Amendments as further set out herein.

16. Defendant William H. Pryor is a judge in the U.S. 11th Circuit Court of Appeals. He has served in that position at all times material to this action. Defendant Pryor conspired with

state actors in the events described herein, making him a state actor for purposes of 42 U.S. Code 1983. He is sued individually pursuant to 1983 for violations of the First, Fourth, and Fourteenth Amendments as further set out herein.

17. Defendant Ted Rollins was the CEO of Campus Crest Communities, based in Charlotte, North Carolina, and served in that position at all times material to this action. He resides in Greenville, South Carolina.

18. Defendant Campus Crest Communities is a corporation in Charlotte, North Carolina, and Ted Rollins served as CEO at all times material to this action.

19. Defendant TXG Capital is a corporation in Charlotte, North Carolina, and Ted Rollins served as CEO at all times material to this action.

20. Defendant Michelle Rollins is chair of Rollins Jamaica LTD and resides in Wilmington, Delaware.

21. Defendant Rollins Jamaica LTD is a corporation in Wilmington, Delaware.

22. Defendant Zac Parrish is a principal in McMichael & Parrish Homes. He resides in Birmingham, Alabama.

23. Defendant McMichael & Parrish Homes is a corporation in Birmingham, Alabama.

24. Defendant Google is a corporation in Mountain View, California.

## FACTUAL ALLEGATIONS

25. On October 23, 2013, Shelby County deputy Chris Blevins entered the Shulers' home at 5204 Logan Drive in Birmingham—and without showing a warrant, saying he had a warrant or even stating his reason for being there—beat up Roger Shuler in his own garage. Blevins shoved Shuler viciously to a concrete floor three times and doused him

with pepper spray before dragging him to the driveway, where deputy Jason Valenti threatened to break Shuler's arms. Shuler was placed in the back of a squad car and driven to the Shelby County Jail in Columbiana, where he became the only U.S. journalist to be incarcerated in 2013, the first since 2006, and apparently the only one in American history to be imprisoned because of a preliminary injunction that has been unlawful under more than 200 years of U.S. law.

26. Also on the evening of October 23, officers tried to arrest Carol Shuler, who was asleep in an upstairs bedroom. They failed to apprehend her that night and tried unsuccessfully at least three times during the first week Roger Shuler was in jail. When Carol Shuler managed to get local, national, and international news coverage of her husband's arrest, the attempts to arrest her ceased.

27. Why did officers conduct a siege against the Shulers? The real answer to that question can be ascertained only through vigorous discovery in the instant case. Most of the information we have now is sketchy. Rob Riley and Liberty Duke supposedly had filed a defamation lawsuit against the Shulers, alleging Roger Shuler published false information about their extramarital affair. (Why was Carol Shuler sued, given that she had nothing to do with the blog *Legal Schnauzer* at the time? That's one of many mysteries in this case.) Was there really a lawsuit filed against the Shulers at the time of Roger Shuler's arrest? It's hard to know because Riley and Duke asked for the case file to be sealed, even though there is no Alabama law that supports such sealing. Officer Mike DeHart tried to "serve" the Shulers via an unlawful traffic stop, falsely claiming Roger Shuler had rolled through a stop sign and unlawfully extending the traffic-citation process (by giving Riley-related court papers to Shuler), even though there was no hint of criminal activity

associated with the Shulers' vehicle, which would have been the only lawful grounds for extending the stop once DeHart had returned Shuler's driver's license, registration, and given him a warning.

28. The Shulers' challenged DeHart's "service" as unlawful, and no hearing ever was held where Riley/Duke met their burden to prove service had been proper. That means the Shulers were, in fact, never lawfully served, and the court never had authority over them or the case.

29. Attorney David Gespass met with Roger Shuler while he was in jail and stated in a letter that he had reviewed the sealed file, and it showed no summons had been issued at the time of attempted service—or at the time of Shuler's arrest. Shuler supposedly was arrested for contempt of court for failing to appear at a hearing, but the statement from attorney Gespass indicates Shuler never had lawfully been summoned to court.

30. Rob Riley, Liberty Duke and their attorneys (Defendants Murrill, Crow, Mosley, etc.) had every reason to know the Shulers had not been lawfully served and they had not lawfully been summoned to court. They also had every reason to know that a preliminary injunction in a defamation case has been forbidden under First Amendment law for more than 200 years.

31. Despite that, Riley, Duke, and their attorneys sought an unlawful preliminary injunction against the Shulers, they sought an unlawful contempt finding against the Shulers, and they asked for the Shulers to be arrested. Roger Shuler, in fact, was arrested—abducted from inside his own basement garage, depriving him of five months of his liberty and subjecting him to the myriad dangers present in jail. (Shuler witnessed an inmate suicide; he was housed with inmates who had prior convictions for murder; he was housed with

inmates who were coming down from heroin and methamphetamine use; he witnessed numerous beatings and fights, had his property stolen, and had at least one inmate threaten him with violence.)

32. During Roger Shuler's five months in jail, Carol Shuler not only was deprived of her spouse's companionship, she had to live under siege, afraid to leave the house for fear of being arrested. Medical professionals have diagnosed both Shulers with post-traumatic stress disorder (PTSD) in the wake of these events. Roger Shuler finally was released from jail on March 26, 2014.

33. While in jail, Roger Shuler was subjected to a wrongful criminal prosecution. Officer Blevins filed a resisting-arrest charge against Shuler, even though video from the incident shows Blevins entering the Shulers' garage without presenting a warrant or stating his purpose for being there. Blevins never mentioned the term "arrest" until Shuler already had been shoved to the floor three times and doused with pepper spray. During the resisting-arrest trial, District Judge Ron Jackson ordered assistant DA Tonya Willingham to turn over copies of warrants. Willingham said she didn't have any, so it's a matter of record that Blevins had no grounds for Shuler's arrest—and Willingham had no grounds for prosecuting Shuler on a baseless resisting-arrest claim. According to Blevins' own incident report, Shuler never retreated from him, never initiated contact with him, and never threatened him. As the report states, Shuler simply put his hands in front of his face to protect himself from Blevins' blows. Despite that, Jackson found Shuler guilty, meaning Shuler was subjected to probation (suspended sentence) and a fine of $845.

34. Because of Shuler's unlawful arrest and incarceration, his picture has been published at numerous Web sites, including the one for the Shelby County Jail, suggesting he is a

criminal. In fact, he was arrested in a civil matter for "failing to appear" when evidence shows he never was lawfully summoned to court. (Shuler's mug shot still can be found all over the Internet, usually with him sporting a bruised eye from Blevins' beating.) The bogus resisting-arrest case has left Shuler with a criminal record based on an incident where Blevins had no lawful grounds to enter the Shulers' home or conduct an arrest.

35. Shuler began receiving threats from local law-enforcement just days after he broke a story in fall 2013 about U.S. Judge William H. Pryor and his ties to 1990s gay pornography. Specifically, full-frontal nude photos of Pryor appeared at the Web site *badpuppy.com*. Pryor is a powerful political ally of Rob Riley and participated in a conspiracy to retaliate against Shuler for engaging in accurate reporting that is protected by the First Amendment.

36. At about the same time of Shuler's incarceration, Campus Crest Communities CEO Ted Rollins engaged in a flagrant defamation campaign against the Shulers via two Web sites—*legalschnauzerexposed.com* and *rogershuler.com*. Rollins apparently was angry about *Legal Schnauzer's* accurate reporting on his divorce from Birmingham resident Sherry Carroll Rollins. The Rollins Web sites referred to Roger Shuler as a "perv," "liar," and "sicko" and suggested he had sex with cats. They said Shuler had severe mental illness, that he was a physical threat to those around him and suggested multiples times that no company should hire Shuler of his wife, Carol. They referred to Mr. Shuler as a "racist" and a "homophobe."

37. A witness has reported hearing Michelle Rollins (Ted's stepmother) say that she and Ted were going to "take care of Legal Schnauzer."

38. Zac Parrish, Ted Rollins' former stepson, has been listed as founding agent for at least one of the defamatory Web sites. Ted Rollins, while married to Sherry Rollins (Zac Parrish's biological mother), was convicted of assault against Zac Parrish, who was roughly 16 years old at the time. The state of North Carolina conducted an investigation of possible sexual abuse against Ted Rollins, based on a citizen complaint regarding his behavior toward Zac Parrish.

39. Someone connected to Ted Rollins took out an ad with Google AdSense, promoting Rollins' defamatory Web sites against Roger and Carol Shuler. Google published the ad without doing any investigation about the sites' defamatory content. At least one of Rollins' sites remains on the Web. The other appears to be off the Web for now, but a search for *rogershuler.com* brings up a listing that refers to Roger Shuler as "Satan's Earthly Emmissary" (sic).

40. Ted Rollins also is behind a Web site called *tedrollinstruth.com*, which accuses Roger Shuler of committing extortion, knowingly printing false information, and being a "convicted cyber bully." The site claims (falsely) that Shuler twice has been incarcerated for slander and was fired from his job at the University of Alabama at Birmingham for "inappropriate behavior" and subsequently threatened the university president.

## CAUSES OF ACTION

## COUNT ONE

## VIOLATION OF FIRST AMENDMENT

## (ASSERTED VIA 42 U.S. CODE 1983)

41. Plaintiffs re-allege paragraphs 1-40 above, as if set out in full herein. Defendants Riley, Duke, and their attorneys knowingly filed a baseless defamation lawsuit and then unlawfully sought to have the court file sealed, so the public (and the Shulers) would have little or no idea what they were doing. Both of the Shulers could have been kidnapped ("arrested") and killed without anyone knowing what happened. In fact, evidence strongly suggests that was the plan, thwarted only because Carol Shuler managed to escape capture.

42. Riley and Duke, with prompting from Pryor and others, took this action to retaliate for Shuler's accurate reporting that was protected by the First Amendment.

43. As a result of Riley and Duke's unlawful actions, Roger Shuler was unlawfully imprisoned, Carol Shuler was forced to live for five months in a state of siege, and the Shulers continue to suffer substantial financial and emotional damages.

## COUNT TWO

## VIOLATION OF FOURTH AMENDMENT

## (ASSERTED VIA 42 U.S. CODE 1983)

44. Plaintiffs re-allege paragraphs 1-40 above, as if set out in full herein. Defendants Riley and Duke, and their attorneys, caused Roger Shuler's person and his property to be unlawfully seized, in violation of the Fourth Amendment.

45. Defendants Chris Blevins and Mike DeHart, under supervision of Defendant Chris Curry, unlawfully seized Roger Shuler and his property and subjected Roger and Carol Shuler to an unlawful traffic stop.

46. As a result of these unlawful actions, the Shulers continue to suffer substantial financial and emotional damages. Blevins caused substantial damage to property in the Shulers' garage, which looked like the scene of a kidnapping and beating.

## COUNT THREE

## VIOLATION OF FOURTEENTH AMENDMENT

## (ASSERTED VIA 42 U.S. CODE 1983)

47. Plaintiffs re-allege paragraphs 1-40 above, as if set out in full herein. Defendants Riley and Duke, and their attorneys, repeatedly sought remedies that are not allowed by law. Specifically, they sought a preliminary injunction that is unlawful in a defamation case; they sought to have Roger Shuler held in contempt for "violating" an order that was unlawful to begin with; they sought to have the file unlawfully sealed so neither the public nor the Shulers knew what was taking place; they asked for both Roger and Carol Shuler to be arrested, even though Roger Shuler's arrest had no support under the law and Carol Shuler wasn't even involved with the blog in question.

48. As a result of these unlawful actions, the Shulers were deprived of equal protection of the law and due process, guaranteed by the Fourteenth Amendment. The Shulers continue to suffer significant financial and emotional damages.

## COUNT FOUR

## FALSE ARREST

## (ASSERTED VIA 42 U.S. CODE 1983)

49. Plaintiffs re-allege paragraphs 1-40 above, as if set out in full herein. Defendants Blevins and Jason Valenti, under Defendant Curry's supervision, conducted an arrest that was false and wrongful on multiple grounds. Defendants Riley and Duke, along with their attorneys, set the process in motion by seeking Shuler's arrest on unlawful grounds.

50. Blevins violated state and federal law by entering the Shulers' home without stating his purpose for being there. Blevins never showed a warrant or said he had a warrant, indicating he had no probable cause to arrest Shuler.

51. Blevins had every reason to know that a citizen cannot be "arrested for blogging," which is exactly what happened to Roger Shuler. Blevins had every reason to know he was violating Shuler's First and Fourth Amendment rights.

52. The Shulers continue to suffer significant financial and emotional damages because of these unlawful actions.

## COUNT FIVE

## FALSE IMPRISONMENT

## (ASSERTED UNDER 42 U.S. CODE 1983)

53. Plaintiffs re-allege paragraphs 1-40 above, as if set out in full herein. Defendants Blevins and Valenti, under Defendant Curry's supervision, caused Shuler to be falsely imprisoned—based upon an unlawful petition from Riley, Duke and their attorneys.

54. More than 200 years of First Amendment law holds that a preliminary-injunction is prohibited in a defamation case. Despite that, Riley, Duke and their legal teams sought Shuler's incarceration for "violating" an injunction that clearly was a prior restraint on the First Amendment right to a free press. The law-enforcement defendants beat up and incarcerated Shuler, even though they had every reason to know this was a violation of the First Amendment.

55. The Shulers continue to suffer significant financial and emotional damages.

## COUNT SIX

## EXCESSIVE FORCE

## (ASSERTED VIA 42 U.S. CODE 1983)

56. Plaintiffs re-allege paragraphs 1-40 above, as if fully set out herein. Defendant Blevins used excessive force in making an arrest that Riley, Duke and their layers unlawfully set in motion.

57. Any use of force in a wrongful arrest is excessive. The Shuler arrest was unlawful, but Blevins still violently shoved Shuler to a concrete floor three times and used pepper spray in a situation where it was not lawfully justified.

58. Shuler suffers significant mental and physical damages from this encounter.

## COUNT SEVEN

## DEFAMATION

## (ASSERTED VIA ALABAMA STATE LAW)

59. Plaintiffs re-allege paragraphs 1-40 above, as if set out in full herein. Defendants Riley and Duke and their attorneys; Defendants Curry and Blevins; Defendants Ted Rollins, Michelle Rollins, and Zac Parrish caused false statements to be published about Roger and Carol Shuler, causing damage to their reputations.

60. Defendant Google negligently ran an ad promoting defamatory Web sites tied to Ted Rollins.

61. Defendants maliciously and willfully caused defamatory statements to be published about Roger and Carol Shuler.

62. As a result of defendants' unlawful actions, the Shulers have suffered mental anguish and suffering, as well as impairment of reputation and standing in the community, and personal humiliation.

63. Defendants acted with malice, knowing the statements in question were false, and this entitles the Shulers to punitive damages for the pain and suffering they have experienced due to the publication of defamatory material about them.

## COUNT EIGHT

## ABUSE OF PROCESS

## (ASSERTED VIA ALABAMA STATE LAW)

64. Plaintiffs re-allege paragraphs 1-40, as if set out in full herein. Defendants Riley and Duke and their attorneys caused legal process to be issued against the Shulers that was improper in the regular conduct of the proceeding. Defendant Blevins, under Defendant

Curry's direction, caused process to be wrongfully issued against Roger Shuler for resisting arrest.

65. Defendants Riley and Duke and their attorneys caused legal process to be issued for an ulterior motive, as did Defendants Blevins and Curry.

66. The ulterior motive was to retaliate against Roger Shuler for his accurate reporting about Defendants Riley and Duke—and U.S. Judge William H. Pryor.

67. Defendants acted with malice and without probable cause, and the Shulers are entitled to compensatory and punitive damages.

## COUNT NINE

## ASSAULT AND BATTERY

## (ASSERTED VIA ALABAMA STATE LAW)

68. Plaintiffs re-allege paragraphs 1-40, as if set out in full herein. Defendants Blevins and Valenti, under Defendant Curry's direction, touched Roger Shuler in rudeness and anger as set out above, constituting assault and battery under Alabama law.

69. Roger Shuler suffered physical injuries and mental anguish and is entitled to compensatory and punitive damages.

## COUNT TEN

## TRESPASSING

## (ASSERTED VIA ALABAMA STATE LAW)

70. Plaintiffs re-allege paragraphs 1-40, as if set out in full herein. Defendants Blevins, Valenti and other unknown deputies, under Curry's direction, entered the Shulers' property without being licensed, privileged or invited to be there.

71. The deputies had no warrant or any other document that gave them lawful grounds to be on the Shulers' property.

72. The deputies' actions constitute trespassing under Alabama state law, and the Shulers have suffered financial, physical, and emotional damages as a consequence.

## COUNT ELEVEN

## INVASION OF PRIVACY

## (ASSERTED VIA ALABAMA STATE LAW)

73. Plaintiffs re-allege paragraphs 1-40, as if set out in full herein. Defendants Blevins, Valenti and other unknown deputies, under Curry's direction, intruded on the Shulers' physical solitude or seclusion.

74. These actions constitute invasion of privacy under Alabama state law and caused the Shulers to suffer physical, emotional, and financial damages.

## COUNT TWELVE

## FALSE ARREST AND FALSE IMPRISONMENT

## (ASSERTED VIA ALABAMA STATE LAW)

75. Plaintiffs re-allege paragraphs 1-40, as if fully set out herein. Under Alabama law, false imprisonment is defined as "the unlawful detention of the person of another for any length of time whereby he is deprived of his personal liberty."

76. Shuler's detention was unlawful for multiple reasons—the actions of Defendants Blevins and Valenti violated clearly defined constitutional rights; Blevins entered the Shulers' home without stating his purpose for being there; Blevins had no warrant or other lawful grounds for making an arrest.

77. The Shulers suffered substantial physical, emotional, and financial damages as a result of these unlawful actions.

## COUNT TWELVE

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## (ASSERTED VIA ALABAMA STATE LAW)

78. Plaintiffs re-allege paragraphs 1-40, as if set out fully herein. Defendants Blevins and Valenti, at Curry's direction, essentially kidnapped Roger Shuler. They knew they had no lawful grounds to arrest him, they knew they were violating his constitutional rights, and yet they entered the Shulers' property, beat up Roger Shuler and took him to jail for five months.

79. Defendants' conduct was intentional and reckless and caused both Roger and Carol Shuler extraordinary emotional distress, to the point that they no longer feel safe inside their own home or when they simply are running errands in their vehicle. The Shulers continue to experience physical, emotional, and financial damages.

## COUNT THIRTEEN

## CIVIL CONSPIRACY

## (ASSERTED VIA 42 U.S. CODE 1983)

80. Plaintiffs re-allege paragraphs 1-40 as if set out fully herein. Defendants Rob Riley and Liberty Duke, their attorneys, Judge William H. Pryor, Sheriff Chris Curry and possibly others reached an agreement to accomplish an unlawful purpose, to punish Roger Shuler for practicing journalism and Carol Shuler for being married to a journalist. This conspiracy has heaped enormous financial, physical, and emotional harm upon the Shulers.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Roger and Carol Shuler request of this Court the following monetary and equitable relief against defendants:

A. A declaratory judgment holding that actions of the Defendants described herein violated the Plaintiffs' rights as secured by the First, Fourth, and Fourteenth Amendments to the Constitution of the United States and by Alabama state law.

B. A permanent injunction enjoining the Defendants, their agents, successors, employees, attorneys, and those acting in concert with the defendants at the defendants' request from continuing to violate the Shulers' constitutional rights.

C. An order of compensatory and punitive damages.

D. An order to make the Shulers whole by removing Roger Shuler's unlawful arrest, plus his unlawful conviction for "resisting arrest," from the record, along with photographs at any Web site that portray Roger Shuler in a false and criminal light.

E. Such other legal and equitable relief as this Court may deem necessary or proper.

Respectfully submitted, this 26th day of March, 2016.

_____
Roger Shuler, Pro Se

_____
Carol Shuler, Pro Se

**PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE BY A JURY UNDER FEDERAL LAW**

Roger and Carol Shuler
3501 W. Sunshine
Springfield, MO 65807

**STATEMENT OF VERIFICATION**

I have read the above complaint and it is correct to the best of my knowledge.

_____

Roger Shuler, Pro Se

_____

Carol Shuler Pro Se