# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ROGER SHULER and CAROL SHULER, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Civil Action No. 2:16-cv-501-VEH ) |
| LIBERTY DUKE, *et al.*, | ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

The plaintiffs previously filed a "Motion to Disqualify Judge [Virginia Emerson Hopkins] for Bias or Prejudice Under 28 U.S. Code 144 and the Due Process Clause of the U.S. Constitution." (Doc. no. 150 (alteration supplied)). As Chief Judge of the United States District Court for the Northern District of Alabama, I ordered that motion to be referred to Senior Judge C. Lynwood Smith, Jr., for disposition. (Doc. no. 151.)

Judge Smith's Memorandum Opinion and Order denying plaintiffs' motion was entered on April 3, 2018. (Doc. no. 155.)

Still not satisfied,[1] plaintiffs filed a " Motion to Have Judge Lynwood Smith

---

[1] Moving to disqualify judges with whom they disagree has become a hallmark of these plaintiffs' tactics. In this case alone, they have filed five such motions. (Docs. 11, 27, 130, 150, 157). And a brief search of their filings in this court reveals at least four other such motions in two different cases. *See* Case No. 10-cv-01215-AKK (doc. 50); 10-AR-1271-S (docs. 3, 48, 57).

Declared Disqualified From Hearing Their Motion to Disqualify Judge Virginia Emerson Hopkins and to Have His Ruling Declared Void Because of Conflict of Interest that Smith Failed to Disclose." (Doc. no. 157). Specifically, plaintiffs' motion alleges:

> "1. One of the primary defendants in this matter is Rob Riley, son of former Gov. Bob Riley. Most of the other defendants are politically or professionally connected to Rob and Bob Riley."
>
> "2. According to published reports, Judge Lynwood Smith and Bob Riley are cousins. That means Judge Smith is related to Defendant Rob Riley."
>
> "3. No wonder Judge Smith denied the Shulers' motion to disqualify Judge Virginia Emerson Hopkins for obvious bias and prejudice. He obviously is biased and prejudiced toward defendants who either are members of his family and [*sic*] connected to members of his family."

*Id*. at 2, ¶¶ 1-3.

The statutory provision relevant to the issue raised by plaintiffs' motion is codified in 28 U.S.C. § 455, and the pertinent portions read as follows:

> (**a**) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (**b**) He shall also disqualify himself in the following circumstances:
>
>    . . .
>
>    (**5**) He or his spouse, *or a person within the third degree of*

> *relationship to either of them*, or the spouse of such a person:
>
>> (**i**) *Is a party to the proceeding*, or an officer, director, or trustee of a party;
>>
>> (**ii**) Is acting as a lawyer in the proceeding;
>>
>> (**iii**) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>>
>> (**iv**) Is to the judge's knowledge likely to be a material witness in the proceeding.
>
> . . .
>
> (**d**) For the purposes of this section the following words or phrases shall have the meaning indicated:
>
>> (**1**) "proceeding" includes pretrial, trial, appellate review, or other stages of litigation;
>>
>> (**2**) *the degree of relationship is calculated according to the civil law system*; . . . .

28 U.S.C. § 455 (emphasis and ellipses supplied).

In response to the plaintiffs' present motion, Judge Smith submitted an affidavit describing his genealogical relationship to Rob Riley, and demonstrating that the degree of their kinship, "calculated according to the civil law system," is seven degrees — far more than the three degrees of relationship proscribed by 28 U.S.C. § 455(b)(5). Accordingly, the provisions of 28 U.S.C. §§ 455 do not support

plaintiffs' motion and Judge Smith was not disqualified from ruling on the motion referred to him.

Plaintiffs did not present any evidence indicating that Judge Smith had a personal bias or prejudice in favor of or against any party to this proceeding prior to April 9, 2018, the date on which the subject motion was filed, or that he had personal knowledge of any of the evidentiary facts of this controversy, disputed or otherwise. Thus, no legitimate basis arises for questioning his impartiality when denying plaintiffs' motion to disqualify Judge Hopkins.

Accordingly, the court ORDERS that "Plaintiffs' Motion to Have Judge Lynwood Smith Declared Disqualified From Hearing Their Motion to Disqualify Judge Virginia Emerson Hopkins and to Have His Ruling Declared Void Because of Conflict of Interest that Smith Failed to Disclose" is OVERRULED and DENIED.

**DONE** and **ORDERED** this 31st day of May, 2018.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ROGER SHULER and CAROL SHULER, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>LIBERTY DUKE, *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 2:16-cv-501-VEH |

## AFFIDAVIT OF C. LYNWOOD SMITH, JR.

**STATE OF ALABAMA**
**COUNTY OF MADISON**

BEFORE me, the undersigned authority in and for said county and state, personally appeared C. Lynwood, Jr., who, being known to me, and who, being first duly sworn, deposes on oath and states as follows:

1. My name is Charles Lynwood Smith, Jr., and I reside in Huntsville, Madison County, Alabama. I have been a Judge of the United States District Court for the Northern District of Alabama since January 4, 1996. I have personal knowledge of the facts stated herein.

2. Carol and Roger Shuler, the plaintiffs in Civil Action No. 2:16-cv-501-VEH, filed a "Motion to Disqualify Judge [Virginia Emerson Hopkins] for Bias or Prejudice Under 28 U.S. Code 144 and the Due Process Clause of the U.S.

Constitution" on March 26, 2018. (Doc. no. 150 (alteration supplied)).

3. That motion was referred to me for disposition by Judge Karon Owen Bowdre, Chief Judge of the United States District Court for the Northern District of Alabama on March 27, 2018. (Doc. no. 151).

4. My Memorandum Opinion and Order denying the motion was entered on April 3, 2018. (Doc. no. 155).

5. Plaintiffs subsequently filed a "Motion to Have Judge Lynwood Smith Declared Disqualified From Hearing Their Motion to Disqualify Judge Virginia Emerson Hopkins and to Have His Ruling Declared Void Because of [a] Conflict of Interest that Smith Failed to Disclose." (Doc. no. 157 (alteration supplied)). The pertinent portions of their motion allege that:

> 1. One of the primary defendants in this matter is Rob Riley, son of former Gov. Bob Riley. Most of the other defendants are politically or professionally connected to Rob and Bob Riley.
>
> 2. According to published reports, Judge Lynwood Smith and Bob Riley are cousins. That means Judge Smith is related to Defendant Rob Riley.
>
> 3. No wonder Judge Smith denied the Shulers' motion to disqualify Judge Virginia Emerson Hopkins for obvious bias and prejudice. He obviously is biased and prejudiced toward defendants who either are members of his family and [sic] connected to members of his family.

*Id.* at 2, ¶¶ 1-3.

6. The United States Code obligates a judge to "disqualify himself" whenever "a person within the third degree of relationship to" the judge is "a party to the proceeding." (28 U.S.C. § 455 § 455(b)(5)(*i*)). The degree of the relationship between the judge and the party "is calculated according to the civil law system." (*Id.* § 455(d)(2)).

7. Degrees of kinship under the civil law system are calculated by adding the number of links from one person, up the ancestral line to the nearest common ancestor, and then continuing to count down the generations from the nearest common ancestor to the contested relative.

8. "The Nolan Chart of Relationships and Degrees of Kindred According to the Civil Law" is commonly used for calculating the degree of relationship between two individuals. A copy of that Chart was included in the opinion of the Alabama Supreme Court in *Owen v. State*, 51 So. 2d 541, 542 (Ala. 1951); and, a copy of that page of the *Owen* opinion is reproduced on the following page.





effects of which he died, then your verdict should be not guilty."

The chart referred to in the opinion is as follows:

## The NOLAN CHART *
## of
## RELATIONSHIPS and DEGREES of KINDRED
### According to the Civil Law



Encircled numerals indicate degree of kindred to the deceased. Straight lines indicate the lower person as issue of the next preceding higher person. Full cousins are indicated in red (shaded). On the chart, all cousins above full cousins are *cousins in the ascendency*, all below are *cousins in the descendency*. Consult State Statutes of Descent and Distribution for rights of persons of each relationship and degree of kindred.

Fourth Edition, 1944　　　1939 Copyright, Richard Henry Nolan, AB:LLB, Boston, Massachusetts

---

*No license to make any further reproduction of the work covered by the copyright is to be implied from consent by the copyright owner to this publication.

9. My maternal great-grandfather (Jabez "Jabe" Curry Riley, born 1 May 1856, and died 2 November 1918) also is the paternal great-great-grandfather of Rob Riley. He constitutes the nearest common ancestor.

10. The number of links, beginning with my mother, and counting from her up the ancestral line to the nearest common ancestor is three; and then continuing to count down the generations from the nearest common ancestor to Rob Riley is four additional links. The total number of links is seven.

11. Seven degrees of relationship is more than twice the number of degrees proscribed by 28 U.S.C. 455(b)(5)(*i*).

12. I have no personal knowledge of any of the evidentiary facts of this controversy, disputed or otherwise, and I have no bias in favor of or against any party to this proceeding.

Further, affiant sayeth naught on this, the 10th day of May, 2018.

_____
C. Lynwood Smith, Jr.

**STATE OF ALABAMA**
**COUNTY OF MADISON**

I, the undersigned authority, a Notary Public in and for said County in said State, hereby certify that Judge C. Lynwood Smith, Jr., whose name is signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being informed of the contents of said instrument, he executed the same

5

voluntarily on the day the same bears date.

GIVEN under my hand and official seal on this, the 10th day of May, 2018.

*[signature: Angela Knight]*

Notary Public: State of Alabama
My Commission Expires: 11/7/21

6